**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SHANE MCCOMAS** | § | |
| | § | |
| **v.** | § | 5:20-CV-37-XR |
| | § | ~~CASE NO. 5:19-cv-1169~~ |
| **UNITED FINANCIAL CASUALTY** | § | *(Jury requested)* |
| **COMPANY** | § | |

**DEFENDANT'S AMENDED NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. § 1441(b)**

PLEASE TAKE NOTICE that Defendant, UNITED FINANCIAL CASUALTY COMPANY, files this Amended Notice of Removal:

## I.    BACKGROUND

1.     In the Original Notice of Removal, a mistake was included in paragraph 1, which indicated that Defendant UNITED FINANCIAL CASUALTY COMPANY was a limited liability company rather than a corporation. The sentence should have indicated that Defendant UNITED FINANCIAL CASUALTY COMPANY is a corporation. Defendant UNITED FINANCIAL CASUALTY COMPANY is a corporation organized under the laws of the State of Ohio, headquartered in Mayfield, Cuyahoga County, Ohio with their principal place of business is in Mayfield, Cuyahoga County, Ohio.[1] Defendant UNITED FINANCIAL CASUALTY COMPANY is a corporation owned by Progressive Commercial Holdings, Inc., which is incorporated in the State of Delaware. Defendant UNITED FINANCIAL CASUALTY COMPANY is domiciled in the State of Ohio.

2.     Plaintiff Shane McComas is domiciled within, and a resident of, Bexar County, Texas. Plaintiff's domicile in Texas is verified by Plaintiff's representations in his First Amended Petition, Section I.[2] Further, Plaintiff's Certified Abstract Record from the Texas Department of Public Safety confirms that Plaintiff lives at 309 Weathercock, San Antonio,

---

[1]    *See* affidavit of Michael Uth attached as Exhibit A.
[2]    *See* Plaintiff's First Amended Petition attached as Exhibit B.

Texas.[3]  Plaintiff has a Texas Driver's License that he obtained on March 27, 2006 per his Certified Abstract Record, with the San Antonio address identified as his domicile. This license was last renewed and issued on August 10, 2016.

3.     As additional proof of Plaintiff's domicile within Texas, medical and billing records provided by Plaintiff's counsel to Defendant verify that the address on the Certified Abstract Record is Plaintiff's address.  Plaintiff's address of 309 Weathercock, San Antonio, Texas, which is the same address as the one noted on the Certified Abstract Record, is identified on his billing record from Care For PA.[4]  On the November 7, 2018, Demographic Page from Care For PA, Plaintiff signed the document and listed his address as 309 Weathercock, San Antonio, Texas, the same one noted on the Certified Abstract Record Certified Abstract Record.[5] These facts establish Plaintiff's domicile within Texas.

4.     On July 11, 2019, an action was commenced in the 150th Judicial District Court, Bexar County, Texas under Cause No. 2019CI13721; *Shane McComas v. Progressive Commercial Casualty Company*.  Plaintiff's counsel was thereafter notified that the insurer of the subject auto policy was UNITED FINANCIAL CASUALTY COMPANY (hereinafter referred to as "United").  The parties entered into a Rule 11 agreement on August 23, 2019, a copy of which was previously attached to the Notice of Removal, whereby the date of service for United was agreed to be the same date that Plaintiff files the amended petition against United. Plaintiff then filed the First Amended Petition on August 30, 2019, which named United as a party for the first time, making that the date for purposes of calculating the removal deadline.

5.     This Notice of Removal is timely as a later-served defendant has 30 days from the date of service to remove a case to federal district court.[6]

---

[3]   *See* Certified Abstract Record for Plaintiff attached as C.
[4]   *See* January 16, 2019 billing record attached as Exhibit D.
[5]   *See* November 7, 2018 Demographic Page attached as Exhibit E.
[6]   *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

2

6.      Defendant previously attached the required state court documents pursuant to 28 U.S.C. § 1446 (a) and LR81.

7.      As for venue, venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending.  The incident made the basis of Plaintiff's Petition is an August 30, 2018 motor vehicle accident which occurred in Bexar County, Texas.[7]

8.      Defendant filed a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.  A demand for jury in the state court action was filed on August 15, 2019.

9.      PROGRESSIVE COMMERCIAL CASUALTY COMPANY is no longer a party to the case per Plaintiff's First Amended Petition.

10.     All Defendants who have been served and who have filed an answer consent to this removal.

11.     As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. §§ 1441(b); 1446(c).

## II.     BASIS FOR REMOVAL

10.     The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens of different states."[8]  An action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b) because:

  a.      it is a civil action between Plaintiff, a citizen of Texas, and Defendant a corporation from a different state; and

  b.      it is a civil action wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

---

[7]  *See* Exhibit A.
[8]  28 U.S.C. § 1332(a)(1).

11.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[9]  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[10]  There is complete diversity of citizenship between Plaintiff (Texas) and Defendant (Ohio).

### III.    AMOUNT IN CONTROVERSY

12.    Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[11]  In *De Aguilar v. Boeing Co.*, the Fifth Circuit held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy actually exceeds the jurisdictional amount.[12]  The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[13]

13.    In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[14]  Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[15]  As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the clear language of Plaintiff's pleadings.  In Section V of Plaintiff's First Amended Petition, it states that "Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00)".[16]  Therefore, the evidence is sufficient for

---

[9]    28 U.S.C. § 1332(a).
[10]   *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir.1996).
[11]   *See* 28 U.S.C.A. §1332(a).
[12]   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995).
[13]   *Id.* at 1411.
[14]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[15]   *Id.*
[16]   *See* Exhibit A.

Defendant to meet its burden to prove that the amount in controversy exceeds the removal requirement of $75,000.

## IV.    CONCLUSION

14.    Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[17]  Plaintiff is domiciled and a resident of the State of Texas.  Defendant is domiciled in the state of Ohio.  Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the parties, this Court therefore has original jurisdiction of this action under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

Respectfully submitted,

By:  /s/ Gregory J. Peterson
GREGORY J. PETERSON
"Attorney in Charge"
Federal ID No. 996381
State Bar No. 24057580

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:    (210) 340-9800
Facsimile:    (210) 340-9888

ATTORNEY FOR DEFENDANT

---

[17]    28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 11th day of October, 2019.

Mr. Jerry V. Hernandez
DAVIS LAW FIRM
10500 Heritage Blvd. #102
San Antonio, Texas  78216

By:_____ /s/ Gregory J. Peterson_____
          GREGORY J. PETERSON

**EXHIBIT A**

## AFFIDAVIT OF MICHAEL UTH

I, Michael R. Uth, being first duly sworn upon oath and affirmatively state that if called upon to testify as a witness, I can attest to the following:

1.   I am a Deputy General Counsel working on behalf of The Progressive Group if Insurance Companies. In that role, I am familiar with the corporate structure of the various entities within the Progressive Group of Insurance Companies including United Financial Casualty Company.

2.   I make this Affidavit based upon personal knowledge, observations, and from the review of business records maintained in the ordinary course of business.

3.   United Financial Casualty Company is a corporation owned by Progressive Commercial Holdings, Inc., which is incorporated in the State of Delaware.

4.   Effective June 13, 1984, United Financial Casualty Company is a corporation domiciled in the state of Ohio.

5.   The Ohio domicile address of United Financial Casualty Company is 6300 Wilson Mills Road, Mayfield, OH 44143.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael R. Uth

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 11th day of October, 2019, to certify which witness my hand and official seal.

BARB BENNETT
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Lake County
My Comm. Exp. 3/13/2022

_____
NOTARY PUBLIC
IN AND FOR THE STATE OF OHIO

**EXHIBIT B**

FILED
8/30/2019 4:39 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

CAUSE NO. 2019CI13721

| | | |
|---|---|---|
| SHANE MCCOMAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JUDICIAL DISTRICT 150TH |
| | § | |
| UNITED FINANCIAL CASUALTY | § | |
| COMPANY | § | BEXAR COUNTY, TEXAS |

<u>PLAINTIFF'S FIRST AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, **SHANE MCCOMAS** Plaintiff herein, complaining of, Defendant **UNITED FINANCIAL CASUALTY COMPANY**, previously misnamed as PROGRESSIVE COMMERCIAL CASAULTY COMPANY herein, and for cause of action would respectfully show unto the Court as follows:

I.

PARTIES

Plaintiff is an individual residing in Bexar County, Texas.

Defendant, **UNITED FINANCIAL CASUALTY COMPANY** (hereafter referred to as Defendant) is an insurance company licensed to do business in the State of Texas, and may be served with process herein by serving its attorney of record Gregory J. Peterson at **10100 Reunion Place, Suite 800, San Antonio, Texas.** ISSUANCE and SERVICE of citation is **NOT** requested over this defendant at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiff seeks a discovery control plan under Level 2.

II.
DEFENDANT'S STATUS AND VENUE

Defendant, **UNITED FINANCIAL CASUALTY COMPANY** is a corporation doing insurance business in the State of Texas and with offices, agents, and representatives in the State of Texas and in San

Page | 1

Antonio, Bexar County, Texas. This suit is based upon negligence, D.T.P.A. Ins. Code, violations, breach of contract, common law bad faith and other causes of action as set out herein. The obligation and duties under the contract of insurance which forms the basis of this lawsuit were performable in the State of Texas. Defendant is a foreign corporation, not incorporated by the laws of the State of Texas, doing business in Texas and having an agent or representative in Bexar County, Texas.

Venue for this cause is proper in the District Courts of Bexar County, Texas pursuant to the Texas Civil Practice and Remedies Code, including Sections 15.001,15.033,15.035,15.036, 15.037, 15.040, 15.061 and pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act.

### III.
### FACTS (COVERAGE)

On or about AUGUST 30, 2018, Plaintiff **SHANE MCCOMAS** sustained bodily injuries and property damages hereinafter described as the direct and proximate result of the negligence of a driver in the operation of a motor vehicle as more particularly alleged below. At such time, Plaintiff, **SHANE MCCOMAS** was protected against loss caused by bodily injury and property damage and resulting from the ownership, maintenance or use of an uninsured\underinsured motor vehicle by a policy of insurance issued by Defendant, Policy No. 06250026-2 and claim number 182752484.

Plaintiff would show the Court that at the time said insurance policy was purchased from Defendant, it was represented that the uninsured\underinsured motorist portion of the policy would cover the type of situation involved in the accident which occurred on or about AUGUST 30, 2018. It was represented that Plaintiffs damages would be covered under the policy. These representations were false and/or misleading in that Defendant denied coverage and/or failed to fulfill the terms of the policy of insurance.

### IV.
### FACTS (ACCIDENT)

Plaintiff brings this lawsuit to recover damages arising out of an automobile collision

which occurred on or about AUGUST 30, 2018.  On this date the Plaintiff was a passenger in a vehicle which was stopped in a private drive. As Plaintiff's vehicle was stopped in the private drive yielding the right of way to oncoming traffic he was rear ended by a vehicle operated by an underinsured motorist DAVID J. LOPEZ, causing Plaintiff's injuries and damages.  Specifically, the underinsured motorist was under the influence of alcohol, was an inattentive driver, who failed to control his speed, and failed to keep a proper lookout causing him to rear end plaintiff's vehicle.

## V.
## NEGLIGENT ACTS/OMISSIONS (DAVID J. LOPEZ)

Plaintiff would show that on the subject occasion, **DAVID J. LOPEZ,** was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a.  Failing to maintain a proper lookout,  which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

b.  In operating the vehicle in wilful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code  §545.401(a);

c.  In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff;

d.  In failing to turn the vehicle to the right or left so as to avoid hitting Plaintiff;

e.  In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545. 060(a);

f.  In failing to maintain an assured safe distance between his vehicle and the Plaintiffs parked tow truck, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code §545.062(a).

g.  In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable and

prudent, as described by Texas Transportation Code §545.352(a);

h.      In failing to yield the right of way to Plaintiff s vehicle and\or disregarding a stop and go signal;

i.      In failing to make such proper and/or timey application of the brakes as a person using ordinary care would have made in order to avoid the collision in question; and

j.      In driving under the influence of intoxicants.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendant as stated hereinabove and said injuries and damages are in an amount within the jurisdictional limits of this Court.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00).  Plaintiffs reserve the right to amend these amounts.

## VI.
## NEGLIGENT ACTS/OMISSIONS
## UNITED FINANCIAL CASUALTY COMPANY

The motor vehicle being operated by **DAVID J. LOPEZ** and causing Plaintiffs damages as described above was at all times material to this action an "uninsured\underinsured motor vehicle", as that term is defined in the policy of insurance. In this connection, Plaintiff would show that the injuries and damages sustained by the Plaintiff as a result of the subject collision are within jurisdictional limits of this Court.

On or about JANUARY 28, 2019, Plaintiff demanded that Defendants pay Plaintiffs uninsured\underinsured motorist policy limits pursuant to the subject insurance policy, as Plaintiffs injuries and damages are clearly in excess of the uninsured\underinsured motorist policy limits. Defendant failed and/or refused to meet Plaintiffs said demand or to make any type of settlement offer. A true and correct copy said demand letter is attached hereto as Exhibit A and is incorporated herein as if fully set forth at length. Plaintiff has fully complied with all of the terms of the insurance policy as a condition

precedent to bringing this suit. Nevertheless, defendants have failed and/or refused, and still fail and/or refuse to pay Plaintiff the full benefits to which Plaintiff is entitled under this policy as it is contractually required to do so.

## VII.
## MISREPRESENTATION (DTPA)

At the time that Plaintiffs purchased the said policy of insurance from Defendant, said Defendant represented that the insurance policy would provide Plaintiff with reasonable and adequate benefits in the event that Plaintiff was injured by an uninsured/underinsured motorist. The representations by the said defendant were false, misleading and deceptive in that when the Plaintiff was subsequently injured by an uninsured\underinsured motorist, defendants failed and/or refused to provide plaintiff with reasonable and adequate benefits under the said policy of insurance.

The foregoing representations by Defendants violate 17.46(b) of the Deceptive Trade Practices-Consumer Act in that they constitute representations and conduct that:

(1)    caused confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods and services;

(2)    caused confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another;

(3)    represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

(4)    represented that goods and services where of a particular standard, quality or grade, when they were of another;

(5)    represented that the policy of insurance conferred or involved rights, remedies, or delegations which it did not have, or which were prohibited by law; and

(6)    failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to include the Plaintiff into the transaction into which the Plaintiff would not have entered had the information been disclosed.

The foregoing representations by Defendants also violate Article 21.21 of the Texas

Insurance Code in that, they constitute representations and conduct that:

     (1)     were misrepresented; and

     (2)     contained false information.

## VIII.
## BREACH OF CONTRACT

Plaintiff would further show that the acts and omissions on the part of the defendants as described hereinabove, constitute a breach of contract on the part of the defendants in that defendants failed and/or refused to fulfill their obligations and duties under the said policy of insurance. Said breach was a proximate cause of injuries and damages to the Plaintiff.

## IX.
## NEGLIGENT BREACH OF CONTRACT

Plaintiff would show that the acts and omissions of the defendants as described hereinabove constitute a negligent breach of contract on the part of defendants in that the defendants failed to exercise ordinary care in their handling of the plaintiffs underinsured motorist claim. Said negligence was a proximate cause of injuries and damages to Plaintiff.

Specifically, Defendant failed to act as set out in paragraphs above which constitutes negligence in the performance of its contract of insurance with Plaintiff. Further, Defendant failed to do the following:

     1.     Properly investigate the claims as set out above;

     2.     Properly hire qualified personnel to investigate the claim as set out above;

     3.     Properly explain the applicable portions of the insurance policy sold to Plaintiffs;

     4.     Properly appraise Plaintiff of the investigation and reasons for denying coverage;

     5.     Deny the Plaintiffs claim with a reasonable basis for doing so;

6.    Properly delaying payment due under the policy to cover Plaintiffs damages.

## X.
## CAUSE OF ACTIONS

Plaintiff would show that the acts and omissions of defendants described hereinabove, constitute negligence, including, but not limited to, negligent infliction of emotional distress, and that such negligence on the defendants part was a proximate cause of injuries and damages to the Plaintiff.

Plaintiff would also show that the acts and omissions of defendants as described hereinabove, constitute intentional infliction of emotional distress, which was a proximate cause of plaintiff s injuries and damages as stated in this petition.

In addition to the acts and omissions as set forth in the above paragraphs, Plaintiff would show that Defendant did or failed to do the following:

(1)    Failed to properly investigate Plaintiffs claims as set out herein.

(2)    Failed to have a reasonable basis to deny Plaintiffs claim.

(3)    Failed to hire qualified personnel to investigate and evaluate Plaintiffs claim.

## XI.
## DAMAGES

Plaintiff would show that as a proximate result of the Defendant's negligence, as stated hereinabove, Plaintiff suffered the following injuries and damages:

a.    Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

c.    Physical pain and suffering in the past;

d.  Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

e.  Physical impairment in the past;

f.  Physical impairment, which will, in all reasonable probability, be suffered in the future;

g.  Lost wages in the past;

h.  Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.  Mental anguish in the past;

j.  Mental anguish which will, in all reasonable probability be suffered in the future;

k.  Fear of future disease or condition;

l.  Disfigurement;

m.  Cost of medical monitoring and prevention in the future;

n.  Loss of household services.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendant as stated hereinabove and said injuries and damages are in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts.

## XII.
## UNCONSCIONABLE ACTION

In the sale of the said insurance policy and in the subsequent handling of the plaintiffs uninsured\underinsured motorist claim, defendants engage in a unconscionable action or course of action, taken advantage of the lack of knowledge, ability, experience, and capacity of the plaintiff to a grossly unfair degree, as described hereinabove. The conduct of the defendant, proximately resulted in damages and injuries to the plaintiff.

## XIII.
## BAD FAITH AND FAIR DEALING

In handling and administering the said policy of insurance with the plaintiff, defendants owed a duty to plaintiff to act in good faith and to deal fairly with the plaintiff. Plaintiff would show that the acts and omissions of the defendant, as described hereinabove, constitute bad faith and unfair dealing on the part of this defendant. Said conduct on the defendant, part was a proximate cause of injuries and damages to the plaintiff.

## XIV.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled to pre-judgment interest under the Laws of the State of Texas.

## XVI.
## REQUEST FOR DISCLOSURE

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within thirty (30) days of service hereof, the information and material described in each section of RULE 194.2.

## XVII.
## FIRST SET OF INTERROGATORIES TO DEFENDANT,
### UNITED FINANCIAL CASUALTY COMPANY

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197, propounds the following Interrogatories to Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, attached hereto in **Exhibit A**. Defendant's response is due within thirty (30) days from the date of service thereof. Plaintiff requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

## IX.
## REQUESTS FOR PRODUCTION TO DEFENDANT,
### UNITED FINANCIAL CASUALTY COMPANY

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within thirty (30) days, Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, produce and permit Plaintiff to inspect and copy the documents and things described in the requests below in **Exhibit B**, and as instructed below.   Plaintiff requests that Defendant produce the documents at the office of Davis Law Firm, 10500 Heritage Blvd, Ste. 102, San Antonio, Texas 78201.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, have and recover judgment against the Defendants, for the following:

a.   Actual damages that is over $1,000,000.00 (one million dollars). Plaintiff reserves the right to amend this amount;

b.   Pre-judgment interest at the legal rate;

c.   Post-judgment interest at the legal rate until the judgment is paid in full;

d.   For all costs of Court; and,

e.   For such other and further relief to which Plaintiff is justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd #102
San Antonio, Texas 78216
(210) 293-1000
Fax 210-870-1475

By: _____

**JERRY V. HERNANDEZ, Of Counsel**
State Bar No. 09516870
JerryH@davislaw.com
**CARLOS GARCIA**
State Bar No. 17631350
CarlosG@davislaw.com
**JASON LINNSTAEDTER**
State Bar No. 24096521
JasonL@davislaw.com
ATTORNEYS FOR PLAINTIFF

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL.**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above instrument was served upon the Attorneys of Record of all parties to the above cause in accordance with Rule 21a, Texas Rules of Civil Procedure, via e-mail transmission and certified mail, return receipt requested, on this the ___30ᵗʰ___ day of **August, 2019** to:

**Via E-File/E-Service**

GOLDMAN & PETERSON, PLLC
Larry J. Goldman
Larry@ljglaw.com
Gregory J. Peterson
Greg@ljglaw.com
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800
Facsimile: (210) 340-9888
Service Email: mail@ljglaw.com

*ATTORNEYS FOR DEFENDANT*


JERRY V. HERNANDEZ
CARLOS GARCIA
JASON LINNSTAEDTER

**EXHIBIT C**

# TEXAS DEPARTMENT OF PUBLIC SAFETY

**5805 N LAMAR BLVD • BOX 4087 • AUSTIN, TEXAS 78773-0001**

www.dps.texas.gov
DRIVER LICENSE DIVISION
512-424-2600
EN ESPANOL 512-424-7181



STEVEN C. McCRAW
DIRECTOR
SKYLOR HEARN
FREEMAN F. MARTIN
RANDALL B. PRINCE
DEPUTY DIRECTORS

COMMISSION
STEVEN P. MACH, CHAIRMAN
MANNY FLORES
A. CYNTHIA LEON
JASON K. PULLIAM
RANDY WATSON

### CERTIFIED ABSTRACT RECORD: 09/03/2019

- *THIS TYPE OF RECORD WILL REFLECT COMPLETION OF A DRIVING SAFETY COURSE.*
- *THIS RECORD REFLECTS ENFORCEMENT ACTIONS, CONVICTIONS, AND CRASH INVOLVEMENTS THAT ARE ALLOWED TO BE DISPLAYED BY LAW.*

**REQUESTED BY:**

TREVINO, ANDREA
LAW FIRM
10100 REUNION PL #800
SAN ANTONIO, TX 78216

**MCCOMAS, SHANE OBRIEN**

309 WEATHERCOCK
SAN ANTONIO, TX 78239-0000
REPORT OF APPROVED DRIVER EDUCATION COURSE.

| | |
|---|---|
| Date of Birth: | ███ |
| Sex: | MALE |
| Eye Color: | BLUE |

## DRIVER LICENSE AND COMMERCIAL LEARNERS PERMIT INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| **Driver License Number:** | 24294102 | License Type: | DL | License Class: | C |
| Date Originally Issued: | 03/27/2006 | Date Last Issued: | 08/10/2016 | Date of Expiration: | 11/10/2021 |
| Restrictions: | NONE | | | | |
| Endorsements: | NONE | | | | |

## STATUS INFORMATION
*Driver eligibility reflects a person's eligibility to drive at the time this document was requested. Administrative Status details additional notes related to the person's record that do not affect driving eligibility.*

Driver Eligibility: **ELIGIBLE**
Administrative Status: SR REINSTATEMENT FEE REQUIRED; DI REINSTATEMENT FEE REQUIRED

## ENFORCEMENT ACTION HISTORY
*This section displays enforcement actions that may affect a person's eligibility to drive. Additional information pertaining to any event related to the enforcement action can be found in the Event Section of this record.*

| ACTION 1 | LIFTED | SUSPENDED - DEFAULT INSTALLMENT AGREEMENT INTOXICATION |
|---|---|---|
| Begin Date: | 04/25/2019 | End Date: INDEFINITE |
| Lift Date: | 08/17/2019 | |
| | | State: TX |
| Related Event(s): | EVENT 5 | |

| ACTION 2 | LIFTED | SUSPENDED - DEFAULT INSTALLMENT AGREEMENT INTOXICATION |
|---|---|---|
| Begin Date: | 02/21/2019 | End Date: INDEFINITE |
| Lift Date: | 08/17/2019 | |
| | | State: TX |
| Related Event(s): | EVENT 5 | |

Page 1

MCCOMAS, SHANE OBRIEN  - CERTIFIED ABSTRACT RECORD - 09/03/2019

| **ACTION 3** | **LIFTED** | SUSPENDED - DEFAULT INSTALLMENT AGREEMENT INTOXICATION |
| Begin Date: | 01/25/2019 | End Date: | INDEFINITE |
| Lift Date: | 03/12/2019 | | |
| | | State: | TX |
| Related Event(s): | EVENT 5 | | |

| **ACTION 4** | **LIFTED** | SUSPENDED - SURCHARGE DUE INTOXICATION |
| Begin Date: | 11/26/2018 | End Date: | INDEFINITE |
| Lift Date: | 12/03/2018 | | |
| | | State: | TX |
| Related Event(s): | EVENT 5 | | |

| **ACTION 5** | **EXPIRED** | DEPT SUSPENSION - DWLI |
| Begin Date: | 10/15/2017 | End Date: | 04/12/2018 | | Notice Date: | 09/02/2017 |
| | | State: | TX |
| Related Event(s): | NONE | | |

| **ACTION 6** | **LIFTED** | CANCELLED INTERLOCK REQUIRED |
| Begin Date: | 08/25/2017 | End Date: | INDEFINITE |
| Lift Date: | 12/12/2017 | Order Date: | 07/27/2017 |
| | | State: | TX | | Court Name: | County Court (offense = Texas Court) |
| Related Event(s): | NONE | | |

| **ACTION 7** | **EXPIRED** | MANDATORY SUSPENSION - DRIVING WHILE INTOXICATED |
| Begin Date: | 03/07/2017 | End Date: | 09/07/2017 |
| | | Order Date: | 07/27/2017 |
| | | State: | TX |
| Related Event(s): | EVENT 5 | | |

| **ACTION 8** | **LIFTED** | SR SUSPENSION - MANDATORY CONVICTION |
| Begin Date: | 03/07/2017 | End Date: | INDEFINITE |
| Lift Date: | 03/08/2019 | | |
| | | State: | TX |
| Related Event(s): | EVENT 5 | | |

| **ACTION 9** | **EXPIRED** | ALR SUSPENSION - REFUSAL |
| Begin Date: | 09/14/2016 | End Date: | 03/12/2017 |
| | | Order Date: | 09/10/2016 | | Notice Date: | 08/05/2016 |
| | | State: | TX |
| Related Event(s): | EVENT 6 | | |

---

**DRIVER RESPONSIBILITY PROGRAM (DRP)**  *This section displays information relating the Driver Responsibility Program. Any suspension action resulting from a notice will be referenced in the Enforcement Action History Section.*

| **SURCHARGE 1** | CASE 89064371207232124240 | DWI SURCHARGE NOTICE |
| Notice Date - Year 3: | 09/01/2019 | |
| Complied Amnesty Date: | 08/17/2019 | |

| **SURCHARGE 2** | CASE 13574233654162235790 | DWI SURCHARGE NOTICE |
| Notice Date - Year 2: | 08/01/2018 | |
| Installment Agreement Date: | 03/12/2019 | Installment Agreement Default Date: | 04/25/2019 |
| Default Date: | 11/26/2018 | |

MCCOMAS, SHANE OBRIEN  - CERTIFIED ABSTRACT RECORD - 09/03/2019

Complied Amnesty Date:        08/17/2019

**SURCHARGE 3**        **CASE 87696501892043308670**    DWI SURCHARGE NOTICE
Notice Date - Year 1:        07/28/2017
Installment Agreement Date: 11/06/2017                Installment Agreement Default Date:   02/21/2019
Complied Amnesty Date:        08/17/2019

**EVENT HISTORY**    *This section displays information relating to convictions, crash involvement, safety courses completed,*
                     *out-of-state surrendered license history and education program certificates.*

**EVENT 1**        **CERTIFICATE**    **DWI EDUCATION PROGRAM CERTIFICATE**
Completion Date:    04/07/2017

**EVENT 2**        **CERTIFICATE**    **DWI EDUCATION PROGRAM CERTIFICATE**
Completion Date:    03/08/2017

**EVENT 3**        **COURSE - REQ**   **DWI EDUCATION PROGRAM REQUIRED**
Required Date:      03/07/2017        Completion Date:    INDEFINITE
                                      County:             BEXAR        Court Name:     County Court
                                                                                       (offense = Texas
                                                                                       Court)

Case/Cause/Docket #:   523859

**EVENT 4**        **CRASH**          **NON-INJURY**
Accident Date:     12/02/2016         Case Number:        0015467016
City:              SAN ANTONIO        State:              TX
CMV:               NO                 HAZMAT:             NO
Citation:          CITATION ISSUED - NO DISPOSITION

**EVENT 5**        **CONVICTION**     **DRIVING WHILE INTOXICATED**
Offense Date:      08/05/2016         Conviction Date:    03/07/2017    County:        BEXAR
                                      State:              TX            Court Name:    County Court
                                                                                       (offense = Texas
                                                                                       Court)

Case/Cause/Docket No:523859
CMV:               NO                 HAZMAT:             NO            CDL:           NO

**EVENT 6**        **CONVICTION**     **ALR REFUSAL**
Offense Date:      08/05/2016         Conviction Date:    09/14/2016    County:        BEXAR
                                      State:              TX            Court Name:    Administrative
                                                                                       Court (offense =
                                                                                       Texas Action)

Case/Cause/Docket No:24294102
CMV:               NO                 HAZMAT:             NO            CDL:           NO

**EVENT 7**        **CRASH**          **POSSIBLE INJURY**
Accident Date:     05/17/2014         Case Number:        0013840742
City:              SAN ANTONIO        State:              TX
CMV:               NO                 HAZMAT:             NO
Citation:          NO CITATION ISSUED

**EVENT 8**        **CONVICTION**     **SPEEDING EQUAL TO OR GREATER THAN 10% ABOVE POSTED LIMIT**
Offense Date:      03/01/2013         Conviction Date:    08/02/2013
City:              SAN ANTONIO        State:              TX            Court Name:    Municipal Court
                                                                                       (offense = Texas
                                                                                       Court)

MCCOMAS, SHANE OBRIEN  - CERTIFIED ABSTRACT RECORD - 09/03/2019

Case/Cause/Docket No:0S16025001

| CMV: | NO | HAZMAT: | NO | CDL: | NO |
|---|---|---|---|---|---|

**EVENT 9**            **SURRENDER**      **SURRENDER OF OUT-OF-STATE CARD**

| Application Date: | 09/29/2010 | Country: | US | State: | AZ |
|---|---|---|---|---|---|

Pursuant to the authority contained in the Texas Rules of Evidence 902, Section 4, and Transportation Code, Section 521, I, Manuel A. Rodriguez, do hereby certify that I am the custodian of driver records of the Driver License Division, Texas Department of Public Safety. The information contained herein is true and correct as taken from our official records. This is to certify that notices of convictions for the traffic law violations and incidents of motor vehicle accident involvement are received and recorded, along with the official action by the Department of Public Safety, in the computer records of SHANE OBRIEN MCCOMAS.

In Testimony Whereof, I, hereunto set my hand and affix the Seal of the Department of Public Safety of the State of Texas on 09/03/2019.

Manuel A. Rodriguez
Texas Department of Public Safety

<u>End of Record</u>

**EXHIBIT D**

CareFor PA
7220 Louis Pasteur Ste 130
San Antonio, TX 78229-5434
(210) 468-3440

January 16, 2019

Federal ID #

Patient #: LPM0723                    Employed By:
SHANE MCCOMAS
309 WEATHERCOCK
SAN ANTONIO, TX 78239
                                       Claim Number:

Diagnosis For Accident On 08/30/18
M50.11    Cervical disc disorder with radiculopathy, high cervical region
M50.122   Cervical disc disorder at C5-C6 level with radiculopathy
M50.123   Cervical disc disorder at C6-C7 level with radiculopathy
M62.838   Other muscle spasm

| Date | Service Descriptions | Charge | Receipt | Total |
|---|---|---|---|---|
| 11/07/18 | 9920325 NEW PATIENT EXPANDED EXAM | 875.00 | | 875.00 |
| 11/07/18 | 62321 C/T INTERLAMINAR ESI | 3750.00 | | 4625.00 |
| 11/07/18 | 99070 SUPPLIES (MISCELLANEOUS) | 600.00 | | 5225.00 |
| 11/07/18 | J3301 KENALOG 60MG/ML - 12 units | 180.00 | | 5405.00 |
| 11/07/18 | Q9966 OMINPAQUE 240 MGI/ML - 24 units | 96.00 | | 5501.00 |
| 11/28/18 | 9921325 ESTABLISHED EXPANDED EXAM | 478.00 | | 5979.00 |
| 11/28/18 | 62321 C/T INTERLAMINAR ESI | 3750.00 | | 9729.00 |
| 11/28/18 | 99070 SUPPLIES (MISCELLANEOUS) | 600.00 | | 10329.00 |
| 11/28/18 | J3301 KENALOG 60MG/ML - 6 units | 90.00 | | 10419.00 |
| 12/14/18 | Q9966 OMINPAQUE 240 MGI/ML - 24 units | 96.00 | | 10515.00 |
| 12/14/18 | 9921325 ESTABLISHED EXPANDED EXAM | 478.00 | | 10993.00 |
| 12/14/18 | 62321 C/T INTERLAMINAR ESI | 3750.00 | | 14743.00 |
| 12/14/18 | 99070 SUPPLIES (MISCELLANEOUS) | 600.00 | | 15343.00 |
| 12/14/18 | J3301 KENALOG 60MG/ML - 6 units | 90.00 | | 15433.00 |
| 12/14/18 | Q9966 OMINPAQUE 240 MGI/ML - 24 units | 96.00 | | 15529.00 |
| 01/03/19 | 99213 ESTABLISHED EXPANDED EXAM | 478.00 | | 16007.00 |
| | | $16007.00 | $0.00 | $16007.00 |

**EXHIBIT E**

## CARE FOR PA

## DEMOGRAPHIC PAGE

Patient Name: XL *Shane obrien phleans*    Date: *11/7/2018*

Nick Name: _____    D.O.B: ███████████

Patient Phone: ███████████    2ⁿᵈ Phone: _____

Social Security Number ███████████    Driver License Number: *242.99182*

Address: *309 weatherrock*

City: *SA*    State: *TX*    Zip: *78839*

○Single  ○Married  ○Divorced  ○Other *Single*

Emergency Contact Information:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

When Did Your Pain Syndrome Occur?

○Gradual Onset of Pain    ○Related to an Injury - Injury Date *06/29/2018*

How Injury Occurred: ○Automobile Accident  ○Work Accident  ○Fall/Slip/Trip Incident

○Incident Description: *Hit from behind*

Employer: *Kelly Gold Crane*

Address: *1746 Mission Hwy*

City: *SA*    State: *TX*    Zip: *78209*

Insurance: _____

Address: _____

City: _____    State: ___    Zip: _____

x *Shane Mcloms*    x *Shane Mcloms*

Patient Printed Name    Patient Signature (Guardian For A Minor)